THOMPSON, Judge,
concurring in the result.
Given the unique facts of this dependency action and the motions filed by both S.P. and the guardian ad litem following the trial court’s January 7, 2003, order, I agree that that order was not a final judgment that would prevent the trial court from entering its February 12, 2003, visitation order. See § 12-15-71(a), Ala.Code 1975. The February 12, 2003, order enforced that part of the trial court’s earlier order recommending that the paternal aunt and uncle facilitate visitation between the child and S.P. in order to serve the child’s best interests. The parties failed to independently reach a compromise with regard to that visitation. The trial court, by awarding visitation to S.P. in its February 12, 2003, order, clearly took action that would serve to promote the best interests of the child involved in this matter by making the transition of changing custody easier on the child. See Ex parte Fann, 810 So.2d 631, 638 (Ala.2001) (“It is the court’s duty to scrupulously guard and protect the interests of children. And in the context of child-custody proceedings, the dominant consideration is always the best interest of the child.”). Therefore, I concur in the result in the main opinion’s denial of the paternal aunt and uncle’s petition for the writ of mandamus seeking *281 to vacate the trial court’s order of February 12, 2003.